IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JD1 and JD2, By and Through Their Parent, ALLYSON RASKIN, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-2429-L |
| DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; MICHAEL HINOJOSA, in His Individual Capacity and in His Official Capacity as SUPERINTENDENT OF DALLAS INDEPENDENT SCHOOL DISTRICT; BEN MACKEY, President; EDWIN FLORES, 1st Vice President; MAXIE JOHNSON, 2nd Vice President; JOE CARREON, Board Secretary; DUSTIN MARSHALL; DAN MICCICHE; KARLA GARCIA; JOYCE FOREMAN; and JUSTIN HENRY, All in Their Individual Capacities and in Their Capacities as Members of the DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, | § § § § § § § § § § § § § § § § § § § | |
| *Defendants*. | § § | |

---

**THE DALLAS ISD DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... iii

SUMMARY OF THE ARGUMENT ........................................................ 1

SUMMARY OF THE RELEVANT FACTUAL ALLEGATIONS ................................ 2

STANDARD OF REVIEW ..................................................................... 4

ARGUMENT .................................................................................... 5

I.    Raskin lacks standing to sue pro se on her children's behalf and
      she fails to plead that she has personally suffered the harm alleged ............... 5

II.   Raskin does not state a cognizable section 1983 claim against the
      Dallas ISD Defendants. ............................................................ 8

      A.    Raskin does not plead a deprivation of any constitutional right
            by the Dallas ISD Defendants. .............................................. 8

            1.    Raskin fails to state a procedural due process violation
                  because neither she nor her children possess a protected
                  life, liberty, or property interest in not wearing a mask ........... 10

            2.    Raskin does not plead a substantive due process violation. ....... 14

      B.    Even if Raskin had stated a section 1983 claim, Dr. Hinojosa and the
            individual Trustees are entitled to qualified
            immunity. ................................................................... 16

III.  Raskin fails to state a due process claim under the Texas Constitution
      for the same reasons she fails to state due process claims under the
      United States Constitution. ....................................................... 19

IV.   Even if Dallas ISD's mask mandate curtailed Raskin's or her children's
      constitutional rights, she fails to state a claim due to the ongoing
      pandemic, which the mask mandate is designed to address. .......................... 20

CONCLUSION ................................................................................. 21

CERTIFICATE OF SERVICE ................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton*, 483 U.S. 635 (1987) .................................................................. 17

*Arundar v. DeKalb Cty. Sch. Dist.*, 620 F.2d 493 (5th Cir. 1980) ............................. 13

*Ashcroft v. Al-Kidd*, 563 U.S. 731 (2011) ...................................................................... 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 4, 5, 18

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ............................................................... 18

*Barshop v. Medina Cty. Underground Water Conservation Dist.*,
    925 S.W.2d 618 (Tex. 1996) ...................................................................................... 20

*Bd. of Educ. of Indep. Sch. Dist. No. 92 of Pottowatomie Cty. v. Earls*,
    536 U.S. 822 (2002) ..................................................................................................... 14

*Bd. of Regents of State Coll. v. Roth*,
    408 U.S. 564 (1972) ..................................................................................................... 11

*Beavers v. Metro. Life Ins. Co.*,
    566 F.3d 436 (5th Cir. 2009) ....................................................................................... 5

*Becerra v. Asher*,
    105 F.3d 1042 (5th Cir. 1997) ..................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 5

*Blackburn v. Marshall City*,
    42 F.3d 925 (5th Cir. 1995) ......................................................................................... 8

*Brinsdon v. McAllen Indep. Sch. Dist.*,
    863 F.3d 338 (5th Cir. 2017) ..................................................................................... 17

*Brown v. Callahan*,
    623 F.3d 249 (5th Cir. 2010) ..................................................................................... 16

*Cangelosi v. Edwards*, No. 20-1991, 2020 WL 6449111
    (E.D. La. Nov. 3, 2020) ............................................................................................... 21

*Case v. Ivey*, No. 2:20-CV-777-WKW, 2021 WL 2210589
    (M.D. Ala. June 1, 2021) ............................................................................................. 15

*Charles v. Grief*, 522 F.3d 508 (5th Cir. 2008) .............................................................. 16

*Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) ................................................. 9, 16

*Davis v. McKinney*, 518 F.3d 304 (5th Cir. 2008) ....................................................... 17

*Denis v. Ige*, F. Supp. 3d., 2021 WL 1911884
    (D. Haw. May 12, 2021) ............................................................... 12, 15, 19

*Dingler v. Rockwall Cty. Sheriff*, No. 3:19-CV-2635-B-BH, 2021
    WL 646867, at *2 (N.D. Tex. Jan. 19, 2021) .......................................... 8

*Dusenbery v. U.S.*, 534 U.S. 161 (2002) ....................................................................... 8

*E.A. v. Southgate Community Sch. Bd. of Educ.*,
    No. 21-12315, 2021 WL 4504162 (E.D. Mich. Oct. 1, 2021) .................................... 7

*Goss v. Lopez*, 419 U.S. 565 (1975) ............................................................................ 13

*Hare v. City of Corinth*, 135 F.3d 320 (5th Cir. 1998) .............................................. 17

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ................................................................ 16

*Harris v. Hahn*, 827 F.3d 359 (5th Cir. 2016) ........................................................... 10

*J.R. by and through Rizzi v. Palos Verdes Peninsula Unified Sch. Dist.*,
    No. 2:21-cv-07656-JAK-AFM, 2021 WL 4553056 (C.D. Cal. Oct. 5, 2021) .... 6, 7, 18

*Jacobson v. Commonwealth of Mass.*, 197 U.S. 11 (1905) ................................... 5, 21

*Jones v. City of Jackson*, 203 F.3d 875 (5th Cir. 2000) ............................................. 8

*Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450 (1988) ....................................... 13, 14

*Kerry v. Din*, 576 U.S. 86 (2015) ................................................................................ 11

*Klaassen v. Trustees of Indiana Univ.*, F. Supp. 3d., 2021 WL 3073926
    (N.D. Ind. July 18, 2021) ........................................................................ 14, 19

*Kovac v. Wray*, 363 F. Supp. 3d 721 (N.D. Tex. 2019) ............................................. 9, 10

*Kovacic v. Villareal*, 628 F.3d 209 (5th Cir. 2010) .................................................... 17

*Landry v. Cypress Fairbanks Indep. Sch. Dist.*,
    No. 4:17-CV-3004, 2018 WL 3436971 (S.D. Tex. July 17, 2018) ............................. 8

*Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994) .................................. 9

*Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275 (5th Cir. 2001) .................. 12, 14

*Malley v. Briggs*, 475 U.S. 335 (1986) ........................................................ 17

*Miranda v. Alexander*, Civil Action No. 21-535-JWD-EWD, 2021 WL 4352328
 (W.D. La. Sept. 24, 2021) ........................................................ passim

*Moore v. Port Arthur Indep. Sch. Dist.*, 751 F. Supp. 671
 (E.D. Tex. 1990) ................................................................... 20

*Mullenix v. Luna*, 577 U.S. 7 (2015) ........................................................ 17

*Nevares v. San Marcos Consol. Indep. Sch. Dist.*,
 111 F.3d 25 (5th Cir. 1997) ..................................................... 13

*Oakes v. Collier Cty.*, 2021 WL 268387
 (M.D. Fla. Jan. 27, 2021) ....................................................... 15

*Oberheim v. Bason*, No. 4:21-CV-01566, 2021 WL 4478333
 (M.D. Pa. Sept. 30, 2021) ............................................. 12, 13, 14, 18

*P.M. by and through Maras v. Mayfield City Sch. Dist. Bd. of Educ.*,
 Case No. 1:21-CV-1711, 2021 WL 4148719
 (N.D. Ohio Sept. 13, 2021) ......................................... 1, 10, 11, 18

*Pearson v. Callahan*, 555 U.S. 223 (2009) .................................................. 16

*Peterson v. City of Fort Worth,* 588 F.3d 838 (5th Cir. 2009) ........................... 9

*Pierce v. Smith*, 117 F.3d 866 (5th Cir. 1997) .............................................. 17

*Price v. City of Junction, Tex.*, 711 F.2d 582 (5th Cir. 1983) ........................... 20

*Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston*,
 260 F. Supp. 3d 738 (S.D. Tex. 2017) ....................................... 20

*Resurrection Sch. v. Hertel*, 11 F.4th 437 (6th Cir. 2021) .............................. 18

*San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973) ....................... 13

*San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697 (5th Cir. 1991) ...................... 9

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) .......................................... 18

*Stewart v. Justice*, 502 F. Supp. 3d 1057 (S.D. W. Va. 2020) ......................... 15

*Stoute v. Sch. Bd. St. Martin Parish*, No. 6:21-cv-03281, 2021 WL 4172963
 (W.D. La. Sept. 14, 2021) ......................................................... 7

*Swift v. Siesel*, CIV.A. 01-2691, 2002 WL 1585617
(E.D. La. July 15, 2002) ..................................................................... 13

*Trump v. Hawaii*, 138 S. Ct. 2392 (2018) ..................................................... 7

*W.S. by Sonderman v. Ragsdale*, F. Supp. 3d, 2021 WL 2024687
(N.D. Ga. May 12, 2021).................................................................... 14

*Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*,
No. 3-09-CV-0346-O, 2009 WL 2058446 (N.D. Tex. July 14, 2009) ........................ 5

*Washington v. Glucksberg*, 521 U.S. 702 (1997)........................................... 9

*Zinman v. Nova Southeastern Univ., Inc.*,
21-CV-60723-Ruiz/Strauss, 2021 WL 4025722
(S.D. Fla. Aug. 30, 2021) ............................................................. 15, 18

## Statutes

Tex. Const. art. 1, § 19................................................................ 20

Tex. Educ. Code § 11.151 ............................................................... 2

Tex. Educ. Code § 11.201 ............................................................... 2

Tex. Educ. Code § 37.0023 ............................................................. 3

## SUMMARY OF THE ARGUMENT

*Pro se* plaintiff Allyson Raskin ("Raskin"), on behalf of her minor children JD1 and JD2, alleges that Defendant Dallas Independent School District's ("Dallas ISD" or the "District") mask mandate violates her children's due process rights under the United States and Texas Constitutions. ECF No. 3, PageID 30–34. Defendants are: (1) Dallas ISD; (2) Dr. Michael Hinojosa, in his individual capacity and in his official capacity as Superintendent of Dallas ISD ("Dr. Hinojosa"); and (3) Ben Mackey, Dr. Edwin Flores, Maxie Johnson, Joe Carreón, Dustin Marshall, Dan Micciche, Karla García, Joyce Foreman, and Justin Henry, all in their individual capacities and official capacities as members of the Dallas ISD Board of Trustees (the "Trustees" or the "Board") (collectively, Dallas ISD, Dr. Hinojosa, and the Trustees are referred to as the "Dallas ISD Defendants"). Like several other recent federal court decisions across the country addressing nearly identical lawsuits,[1] this Court should dismiss Raskin's claims against all Dallas ISD Defendants because: (1) Raskin lacks standing to pursue these claims *pro se* on her children's behalf or on her own behalf; (2) Dallas ISD's mask mandate does not deny Raskin or her children any life, liberty, or property interest; (3) there is no fundamental constitutional right to not wear a mask; (4) Dr. Hinojosa and the Trustees are entitled to qualified immunity; and (5) even if Dallas

---

[1]     In particular, the Dallas ISD Defendants refer the Court to the recent decisions in *Miranda v. Alexander*, Civil Action No. 21-535-JWD-EWD, 2021 WL 4352328 (W.D. La. Sept. 24, 2021) and *P.M. by and through Maras v. Mayfield City Sch. Dist. Bd. of Educ.*, Case No. 1:21-CV-1711, 2021 WL 4148719 (N.D. Ohio Sept. 13, 2021) and the respective Complaints filed therein, which appear to have been the templates for the instant lawsuit up to and including its reliance on an affidavit of Stephen E. Petty that was prepared for and filed in conjunction with the *Maras* case and also filed in the *Miranda* case. *See* ECF No. 3, PageID 25, ¶ 29 (Raskin noting that Mr. Petty is currently out of the country and cannot provide a Dallas ISD specific affidavit, which is why Plaintiffs are relying on the affidavit of Mr. Petty filed in the *Maras* case in the Northern District of Ohio).

1

ISD's mask mandate infringed on a constitutional right, reasonable restrictions on constitutional rights are allowable to combat a public health emergency.

### SUMMARY OF THE RELEVANT FACTUAL ALLEGATIONS[2]

Raskin is the mother of JD1 and JD2, who are minor children. ECF No. 3, PageID 8, ¶ 1. JD1 is currently a Dallas ISD student. *Id.* PageID 30, ¶ 45. JD2 was, but is no longer a Dallas ISD student, and instead currently attends a small private school after Raskin pulled JD2 from Dallas ISD schools last year. *Id.*

Dr. Hinojosa is the Superintendent of Dallas ISD and is charged with the administration of Dallas ISD. *Id.* PageID 14, ¶ 31; *see also* Tex. Educ. Code § 11.201 ("The superintendent is the educational leader and the chief executive officer of the school district" and is responsible for the "day-to-day operations of the district"). The Trustees are elected by residents under a single-member district plan. *Id.*, PageID 17. The Board establishes the policies by which schools in Dallas ISD operate. *Id.*, PageID 18; *see also* Tex. Educ. Code § 11.151(b) (the Board has "the exclusive power and duty to govern and oversee the management of the public schools of the district"). Dallas ISD Board policies are maintained on the Texas Association of School Boards' server at http://pol.tasb.org/Home/Index/361. ECF No. 3, PageID 18.

According to the Board's legally-referenced policy, FO (Legal), regarding student discipline, "a district, district employee or volunteer, or an independent contractor of a district may not apply an aversive technique, or by authorization, order or consent cause an aversive technique to be applied to a student." ECF No. 3,

---

[2]     Unless otherwise noted, the following summary is based on the factual allegations in Raskin's Complaint (ECF No. 3), which, under Rule 12(b)(6), are assumed to be true for purposes of this Motion.

PageID 19, ¶ 36; *see also* TEX. EDUC. CODE § 37.0023 (defining "aversive technique" to include a "technique or intervention that is *intended to reduce the likelihood of a behavior reoccurring* by intentionally inflicting on a student significant physical or emotional discomfort or pain"); Dallas ISD Board Policy FO (Legal), attached hereto as **Appendix A**. Prohibited aversive techniques include "anything that 'impairs the student's breathing, including any procedure that involves: (a) applying pressure to the student's torso or neck; or (b) obstructing the student's airway, including placing an object in, on, or over the student's mouth or nose, or placing a bag, cover or mask over the student's face." ECF No. 3, PageID 19, ¶ 36

On August 9, 2021, Dr. Hinojosa informed District parents and students that effective August 10, 2021, Dallas ISD would require all staff, students, and visitors to wear masks when on District property to protect students and staff from the spread of the highly contagious Delta variant of the coronavirus. ECF No. 3, PageID 20, ¶ 39. The Complaint avers that no Board policies give Dr. Hinojosa "any authority in a 'pandemic or medical emergency.'" *Id.* PageID 19, ¶ 36. Raskin also pleads that she found no evidence that the Board voted to enact or enforce a mask mandate. *Id.* at ¶ 37. Raskin, likewise, asserts she found no evidence that the Board held a public hearing on the mask mandate before it was announced. *Id.*

Raskin relies on the Affidavit of Stephen E. Petty, a purported expert in the field of Industrial Hygiene. *Id.*, PageID 20–29; ECF No. 7. Mr. Petty's affidavit discusses "the futility and danger caused by an individual wearing a mask in order to avoid transmitting or becoming infected with Covid-19[.]" ECF No. 3, PageID 20, ¶ 43.

Raskin further alleges that the "state of Texas was given $12,427,523,267.00 pursuant to the American Rescue Plan ("ARP") Act of 2021 by agreeing to implement the federal guidelines set forth by the CDC for COVID-19 mitigation efforts," and as a result the Dallas ISD Defendants "have a financial incentive for implementing the mask mandate, despite that such a requirement serves no scientific purpose and subjects individuals who wear masks to the health risks discussed [by Mr. Petty]." *Id.*, PageID 29, ¶ 44.

Raskin claims she is "aggrieved by the immediate and irreparable injury, loss, and damage suffered by JD1 and JD2." *Id.*, PageID 30, ¶ 45. With respect to her claims, the Complaint alleges "Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including suffering an overall *possible* simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase." *Id.*, PageID 31, ¶ a; PageID 32, ¶ n; PageID 33–34, ¶¶ t, y (emphasis added).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations that, when assumed to be true, state a claim for relief that "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint pleads facts that are "merely consistent with" a defendant's liability, "it stops short of the line between possibility and

4

plausibility." *Id.* (citation omitted). Although a court must accept well-pleaded facts as true, neither conclusory allegations nor "legal conclusions masquerading as factual conclusions" are entitled to a presumption of truth. *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009); *see also Iqbal*, 556 U.S. at 678–79, 681. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must provide "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

The Court should dismiss the instant lawsuit as to the Dallas ISD Defendants because: (1) Raskin lacks standing to pursue these claims *pro se* on her children's behalf or on her own behalf; (2) Dallas ISD's mask mandate does not deny Raskin or her children any life, liberty, or property interest to support her procedural due process claims; (3) there is no fundamental constitutional right to not wear a mask to state a substantive due process claim; (4) Dr. Hinojosa and the Trustees are entitled to qualified immunity; and (5) even if Dallas ISD's mask mandate infringed upon a constitutional right, all constitutional rights may be reasonably restricted to combat a public health emergency. *See Jacobson v. Commonwealth of Mass.*, 197 U.S. 11, 31 (1905).

## I.    Raskin lacks standing to sue *pro se* on her children's behalf and she fails to plead that she has personally suffered the harm alleged.

The Court should dismiss this lawsuit because Raskin lacks standing to sue on behalf of her children *pro se*. *Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*,

No. 3-09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009). "Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. § 1654, individuals who do not have a law license may not represent other parties even on a next friend basis." *Id.* (citing cases). Several courts in this district have held that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings. *Id.* (collecting cases). In light of this clear precedent, the Court should dismiss all claims brought by Raskin on behalf of her children for lack of standing. *Id.*; *see also J.R. by and through Rizzi v. Palos Verdes Peninsula Unified Sch. Dist.*, No. 2:21-cv-07656-JAK-AFM, 2021 WL 4553056, at *2–*3 (C.D. Cal. Oct. 5, 2021) (dismissing complaint by parent on behalf of minor children regarding school mask mandate because parent lacked standing to assert claims *pro se* on her minor child's behalf).

The court in *Rizzi* also found that the plaintiff-parent "failed to establish Article III standing for any claim raised on her own behalf." *Rizzi*, 2021 WL 4553056, at *3. In support of that conclusion, the court acknowledged that the plaintiff-parent did not allege "she is a student at, or on the staff of, the School District, and she does not allege that the School District's policy mandated that she wear a mask for any particular period of time." *Id.* at *2. Therefore, the court concluded that the plaintiff-parent "does not allege that she suffered the harm alleged in this action." *Id.* The harm alleged in *Rizzi* is identical to the harm alleged here, which is "suffering an overall *possible* simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide." *Id.* (emphasis in original); *compare* ECF No. 3, PageID 30–34 (wherein Raskin alleges that "Plaintiffs were harmed and continue to be irreparably

6

harmed … by suffering an overall *possible* simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide … .") (emphasis added). Like in *Rizzi*, Raskin has not alleged she is a student or staff member of Dallas ISD, nor does she allege that she had to personally wear a mask because of Dallas ISD's mask mandate. As a result, Raskin does not plead facts to show she personally suffered the harm complained of and, therefore, has no standing to pursue a claim on her own behalf. *Rizzi*, 2021 WL 4553056, at *2 (citing *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) ("Standing requires more than just a 'keen interest in the issue.' It requires allegations … that the plaintiff 'personal[ly] suffered a concrete and particularized injury in connection with the conduct about which he complains.'")).

Moreover, the alleged mere "possibility" of a drop in oxygen saturation of the blood and increase in carbon dioxide, is not a plausible allegation of a concrete and particularized injury as to either Raskin or her children. *See, e.g.*, *E.A. v. Southgate Community Sch. Bd. of Educ.*, No. 21-12315, 2021 WL 4504162, at *1 (E.D. Mich. Oct. 1, 2021) (claim that plaintiffs will suffer "possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide" did not establish likelihood of irreparable harm); *Stoute v. Sch. Bd. St. Martin Parish*, No. 6:21-cv-03281, 2021 WL 4172963, at *2 (W.D. La. Sept. 14, 2021) (claim that plaintiff will suffer "possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response" did not satisfy plaintiff's burden of proving likely injury for purpose preliminary injunction). As a result, Raskin has also failed to establish that she has standing to pursue claims on her own behalf or on behalf of her children.

## II.    Raskin does not state a cognizable section 1983 claim against the Dallas ISD Defendants.

Raskin asserts claims under section 1983 based on allegations that the Dallas ISD Defendants violated her and her children's procedural and substantive due process rights under the Fifth[3] and Fourteenth Amendments. ECF No. 3, PageID 30–32. Specifically, Raskin asserts she and her children "have constitutionally protected interests in the benefits that come from not being subject to the Board's mask mandate, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits." *Id.*, PageID 31. Raskin further alleges that her children "have a fundamental right to a public education and to an education in a safe and healthy environment." *Id.*, PageID 32. However, even if Raskin could pursue claims *pro se* on behalf of her children or herself, the Complaint should still be dismissed because she does not plausibly state a section 1983 claim against the Dallas ISD Defendants.

### A.    Raskin does not plead a deprivation of any constitutional right by the Dallas ISD Defendants.

To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and

---

[3]      The Dallas ISD Defendants note that the Fifth Amendment "applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *see also Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Here, Raskin's claims are against only state actors. "Because [Plaintiffs'] claims are against a state actor, [their] claims are considered under the Fourteenth Amendment." *Dingler v. Rockwall Cty. Sheriff*, No. 3:19-CV-2635-B-BH, 2021 WL 646867, at *2 (N.D. Tex. Jan. 19, 2021); *see also Blackburn v. Marshall City*, 42 F.3d 925, 930 n.3 (5th Cir. 1995) ("Because the due process component of the Fifth Amendment applies only to federal actors, we will analyze [a due process claim against a state actor] under the Fourteenth Amendment."); *but see Landry v. Cypress Fairbanks Indep. Sch. Dist.*, No. 4:17-CV-3004, 2018 WL 3436971, at *5 (S.D. Tex. July 17, 2018) (dismissing Fifth Amendment claim against a school district and its employees).

(2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). The existence of a constitutional violation is a "threshold" issue. *Peterson v. City of Fort Worth,* 588 F.3d 838, 844 (5th Cir. 2009); *Becerra v. Asher*, 105 F.3d 1042, 1047 (5th Cir. 1997).

The Fourteenth Amendment's protection of an individual's due process rights encompasses two components: (1) a guarantee of procedural protections when a state seeks to deprive an individual of protected liberty or property interest, and (2) a substantive protection against governmental conduct that "shocks the conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). To bring a procedural due process claim under section 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest without due process of law. *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991). "Unlike procedural due process, substantive due process 'protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.'" *Kovac v. Wray*, 363 F. Supp. 3d 721, 749 (N.D. Tex. 2019) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). Substantive due process provides heightened protection against government interference with certain fundamental rights and liberty interests which are held to a more exacting standard of strict scrutiny. *Kovac*, 363 F. Supp. 3d at 749 (citing *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997)). However, "[i]f a right is not fundamental, then the law that allegedly burdens that right is ordinarily subject to a rational basis review and will be deemed constitutional unless the plaintiff can

demonstrate that it is not reasonably related to a rational government interest." *Kovac*, 363 F. Supp. 3d at 750 (citing *Harris v. Hahn*, 827 F.3d 359, 365 (5th Cir. 2016)).

Raskin has not stated a claim for any violation of her or her children's procedural or substantive due process rights because, as a number of other recent decisions have held in addressing nearly identical complaints, Dallas ISD's mask mandate has not deprived Raskin or her children of "a life, liberty, property or fundamental right; nor [does] wearing a mask impede[] her child[ren]'s property interest in school attendance." *Miranda*, 2021 WL 4352328, at *4; *Maras*, 2021 WL 4148719, at *3. Moreover, "there is no fundamental constitutional right to not wear a mask," and as such, "numerous courts have held that mask mandates do not run afoul of the Fourteenth Amendment." *Miranda*, 2021 WL 4352328, at *4 (collecting cases); *Maras*, 2021 WL 4148719, at *3. Although this language from *Miranda* and *Maras* was written in the context of requests for temporary restraining orders and whether those plaintiffs had demonstrated a likelihood of success on the merits, Raskin fails to state section 1983 claims against the Dallas ISD Defendants for similar reasons.

<blockquote>1. <b>Raskin fails to state a procedural due process violation because neither she nor her children  possess a protected life, liberty, or property interest in not wearing a mask.</b></blockquote>

Raskin claims that she and her children have "constitutionally protected interests in the benefits that come from not being subject to the Board's mask mandate, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits." ECF No. 3,

PageID 31. Raskin further claims that the Dallas ISD Defendants' implementation of the mask mandate, and alleged deprivation of their constitutional interests, occurred without due process of law because it was implemented "with no notice or meaningful opportunity to be heard." *Id.* These allegations, along with all other allegations in the Complaint, fail to demonstrate a protected life, liberty, or property interest protected by the Fourteenth Amendment.

Consistent with the holdings in *Miranda* and *Maras*, Dallas ISD's mask requirement does not infringe on a protected life, liberty, or property interest. *Miranda*, 2021 WL 4352328, at *4; *Maras*, 2021 WL 4148719, at *3. Raskin does not allege that she or her children have been deprived of life without due process of law. With respect to liberty interests, the Supreme Court has held that while "the meaning of 'liberty' must be broad indeed," "the range of interests protected by procedural due process is not infinite." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 570–72 (1972). As such, "before conferring constitutional status upon a previously unrecognized 'liberty,'" the Supreme Court demands a "careful description of the asserted fundamental liberty interest as well as a demonstration that the interest is objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it was] sacrificed." *Kerry v. Din*, 576 U.S. 86, 93 (2015).

Raskin does not clearly define what liberty interest Dallas ISD's mask mandate infringes upon. Raskin concludes that she and her children have "constitutionally protected interest in the benefits from not being subject to the Board's mask mandate … ." ECF No. 3, PageID 31. But, as federal courts have

11

recently held in cases challenging school mask mandates, there is no constitutionally-protected liberty interest in not wearing a mask or in parents having the absolute "right to determine whether, in the midst of a pandemic, their children wear masks in school." *Oberheim v. Bason*, No. 4:21-CV-01566, 2021 WL 4478333, at *4 (M.D. Pa. Sept. 30, 2021) (citing Third Circuit precedent that recognizes parental right to control the upbringing of a child must give way to a school's ability to control curriculum and the school environment); *Miranda*, 2021 WL 4352328, at *4 (no fundamental right to not wear a mask) (citing cases); *see also Denis v. Ige*, --- F. Supp. 3d. ---, 2021 WL 1911884, at *12 (D. Haw. May 12, 2021) (due process claim fails because no fundamental right to not wear a mask, and mask mandates are rationally related to a legitimate government purpose). The holdings of these cases are supported by and consistent with Fifth Circuit precedent that while parents "may have a fundamental right in the upbringing and education of their children," such rights "are not absolute in the public school context and can be subject to reasonable regulation." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 291 (5th Cir. 2001) (applying rational basis test in finding school uniform policy did not violate parents' Fourteenth Amendment rights). As the court in *Oberheim* concluded, there do not appear to be "any cases standing for the proposition that school masking requirements violate parents' rights to raise their children." *Oberheim*, 2021 WL 4478333, at *4. "This is for good reason." *Id.* Because while parents possess the right to raise their children as they see fit, "they are not entitled to undermine the Government's public health efforts during a global pandemic by refusing to have their children comply with a school masking requirement." *Id.*

Raskin has also failed to plead how Dallas ISD's mask mandate impedes on her children's property interest in school attendance. *Miranda*, 2021 WL 4352328, at *4 (citing *Goss v. Lopez*, 419 U.S. 565, 579 (1975) (broadly recognizing that students have a property right to education under the Due Process Clause)); *but see San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973) (noting that education is not a fundamental right within the Constitution); *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 458 (1988) ("Nor have we accepted the proposition that education is a 'fundamental right,' … which should trigger strict scrutiny when government interferes with an individual's access to it."). Indeed, even a student's entitlement to a public education is not without limits. *See, e.g.*, *Arundar v. DeKalb Cty. Sch. Dist.*, 620 F.2d 493, 494–95 (5th Cir. 1980) ("plaintiff's wishes with respect to a particular curriculum choice, no matter how great that desire might be, do not … amount to a 'property' interest for Fourteenth Amendment purposes."). And, in any event, Raskin fails to demonstrate how Dallas ISD's mask mandate prevents her children from attending public school or being denied access to a public education.[4] *See Swift v. Siesel*, CIV.A. 01-2691, 2002 WL 1585617, at *7 (E.D. La. July 15, 2002) (where the plaintiff "is not being denied access to a public education, not even temporarily," plaintiff has no protected property interest) (quoting *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997)). As a result, Raskin fails to state a procedural due process claim related to the infringement of a property interest due to Dallas ISD's mask requirement. *See Oberheim*, 2021 WL 4478333, at *5.

---

[4] As noted above and in the Complaint, JD2 has not even attended Dallas ISD schools since the implementation of Dallas ISD's mask mandate in August 2021. ECF No. 3, PageID 30, ¶ 45. As a result, Raskin cannot make a showing that Dallas ISD's August 2021 mask mandate has violated any of JD2's constitutional rights.

### 2.   Raskin does not plead a substantive due process violation.

Although the Supreme Court has held that the right to a public education is a property interest for the purpose of procedural due process analysis, it expressly declined to "accept[ ] the proposition that education is a 'fundamental right,' … which should trigger strict scrutiny when government interferes with an individual's access to it." *Kadrmas.*, 487 U.S. at 458. "It is wholly unsurprising, then, that other courts that considered the constitutionality of similar school-specific mask mandates concluded that the mandates did not implicate a fundamental right." *Oberheim*, 2021 WL 4478333, at *7 (citing *Klaassen v. Trustees of Indiana Univ.*, --- F. Supp. 3d. ---, 2021 WL 3073926, at *38 (N.D. Ind. July 18, 2021), which held that students' substantive due process claim based on a school mask mandate was unlikely to succeed because "there is no fundamental constitutional right to not wear a mask"); *see also W.S. by Sonderman v. Ragsdale*, --- F. Supp. 3d ---, 2021 WL 2024687, at *2 (N.D. Ga. May 12, 2021) ("Rational basis is the proper standard of review for the mask mandate" because it "neither discriminates against a protected class nor infringes a fundamental right.").

It is beyond dispute that schools have a legitimate interest in promoting the health and safety of their students. *See Bd. of Educ. of Indep. Sch. Dist. No. 92 of Pottowatomie Cty. v. Earls*, 536 U.S. 822, 824 (2002) (drug test policy "effectively serves the School District's interest in protecting its students' safety and health"); *Littlefield*, 268 F.3d at 291 (uniform policy sufficiently justified by school district's "interests in the health, safety, and order of public schools"). Moreover, recent decisions demonstrate that "mask mandates survive rational basis review (quite

14

easily) because they are rationally related to a legitimate government interest," and "cannot plausibly be characterized as egregious or 'arbitrary or conscience shocking in a constitutional sense.'" *Zinman v. Nova Southeastern Univ., Inc.*, 21-CV-60723-Ruiz/Strauss, 2021 WL 4025722, at *17 (S.D. Fla. Aug. 30, 2021) (citing *Case v. Ivey*, No. 2:20-CV-777-WKW, 2021 WL 2210589, at *22 (M.D. Ala. June 1, 2021) (dismissing substantive due process challenge to mask mandate because, *inter alia*, the complaint failed to "plausibly demonstrate that Defendants' conduct in enacting the mask requirement rose to the 'conscience-shocking level'")); *Stewart v. Justice*, 502 F. Supp. 3d 1057, 1068 (S.D. W. Va. 2020) (rejecting substantive due process/freedom of movement challenge to mask mandate).

Consistent with the foregoing case law, because Raskin cannot plausibly allege a violation of any fundamental right, her substantive due process claim is only subject to rational basis review. And Dallas ISD's mask mandate, like other mask mandates, "quite easily" survives rational basis review because it is without question rationally related to a legitimate government interest—promoting the health and safety of its students. *Zinman*, 2021 WL 4025722, at *17; *Denis*, 2021 WL 1911884 at *9 (mask mandates "are a rational measure designed to accomplish [the goal of limiting the spread of COVID-19] and "are the very response recommended by the federal agency responsible for controlling the spread of COVID-19, the CDC"); *Oakes v. Collier Cty.*, 2021 WL 268387, at *3 (M.D. Fla. Jan. 27, 2021) ("It would be difficult to contend with a straight face that a mask requirement does not bear a rational relation to protecting people's health and preventing the spread of COVID-19."). Moreover, even if Raskin could plead the mask mandate constituted a violation of a fundamental

15

right—which she cannot—the mask mandate cannot plausibly be characterized as egregious or shocking the conscience. *See Lewis*, 523 U.S. at 846; *Case*, 2021 WL 2210589, at *22 (no plausible demonstration that "Defendants' conduct in enacting the mask requirement rose to the 'conscience-shocking level'"). The Supreme Court's test for the substantive component of the due process clause prohibits "only the most egregious official conduct." *Lewis*, 523 U.S. at 846. The Dallas ISD Defendants' alleged conduct with respect to implementing and enforcing a mask mandate at Dallas ISD in light of the ongoing public health emergency cannot plausibly be characterized as the "most egregious official conduct." *Id.* As a result, Raskin has failed to plausibly state a substantive due process claim against the Dallas ISD Defendants.

> **B.   Even if Raskin had stated a section 1983 claim, Dr. Hinojosa and the individual Trustees are entitled to qualified immunity.**

Although Raskin's section 1983 claims should be summarily dismissed for the reasons discussed above, should the Court reach the issue of qualified immunity, it should find that qualified immunity protects Dr. Hinojosa and the individual Trustees from suit and liability. Public servants are immune from suit unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To decide whether an individual is immune, courts must determine (i) whether the plaintiff has described a violation of a constitutional right; and (ii) whether the right was "clearly established" at the time of the official's conduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008) (citations omitted);

*Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). If so, the court must evaluate whether the conduct of the official was objectively unreasonable in light of clearly-established law. *Id.*; *Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008).

The plaintiff bears the burden to show the official violated clearly-established law. *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017); *Kovacic v. Villareal*, 628 F.3d 209, 212 (5th Cir. 2010). The plaintiff must identify the violation of a "particularized" right so that it is apparent to the official that his actions are unlawful in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The "contours" of the right must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. Thus, courts must consider "whether the violative nature of particular conduct is clearly established" and must undertake this inquiry "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (cleaned up); *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742 (2011).

To defeat immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (emphasis in original) (citations omitted); *see also Al-Kidd*, 563 U.S. at 741 ("[E]xisting precedent must have placed the . . . constitutional question beyond debate."). If public officials of "reasonable competence could disagree [on whether the conduct is legal], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Once a defendant asserts qualified immunity, the plaintiff must respond with specific facts and "fairly

17

engage" the immunity defense. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The standard requires more than conclusory assertions. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As set forth above, Raskin has not pleaded a plausible claim that Dallas ISD's mask mandate violated hers or her children's constitutional rights. Even if Raskin had stated a plausible violation of their constitutional rights, however, Dr. Hinojosa and the individual Trustees are still entitled to qualified immunity because Raskin cannot meet her burden of demonstrating that Dr. Hinojosa or the individual Trustees violated clearly-established law. The Dallas ISD Defendants are unaware of any pre-existing law or Supreme Court precedent that truly compels the conclusion that the implementation and enforcement of Dallas ISD's mask mandate violates federal law or infringes upon a constitutional right under the circumstances of "a pandemic that this country and this world have never seen before." *Zinman*, 2021 WL 4025722, at *18. On the contrary, all the cases cited herein that considered the issue of mask mandates in either a motion to dismiss or injunctive context held that mask mandates do not violate federal law or did not present a likelihood of success on the merits of such a claim. *See, e.g.*, *id.*; *Resurrection Sch. v. Hertel*, 11 F.4th 437, 460 (6th Cir. 2021) (affirming denial of request for temporary injunction in suit claiming school mask mandate violated Free Exercise Clause, Equal Protection Clause, and substantive due process); *Rizzi*, 2021 WL 4553056, at *2–*3; *Miranda*, 2021 WL 4352328, at *4; *Maras*, 2021 WL 4148719, at *3; *Oberheim*, 2021 WL 4478333, at *4;

*Klaassen*, 2021 WL 3073926, at *38 (citing more than a dozen recent decisions that hold there is no fundamental constitutional right to not wear a mask).

Finally, even if the law were clearly-established that requiring Raskin's children to wear face masks in schools violated their constitutional rights, Raskin has not pleaded facts that plausibly demonstrate Dr. Hinojosa's or the individual Trustees' alleged actions were objectively unreasonable. As Raskin acknowledges in her Complaint, Dr. Hinojosa's stated basis for implementing the mask mandate was "to protect staff and students from the spread of the highly contagious Delta variant of the coronavirus." ECF No. 3, PageID 20, ¶ 39. Requiring masks to protect against the spread of COVID-19 cannot be said to be objectively unreasonable when it is the recommended response to the pandemic by the CDC, the federal agency responsible for controlling the spread of COVID-19. *Denis*, 2021 WL 1911884 at *9. Moreover, Raskin affirmatively alleges the Board did not vote to implement Dallas ISD's mask mandate, and, in fact, does not allege any individual action by any of the Trustees that she could argue was objectively unreasonable. For these reasons, Dr. Hinojosa and the Trustees are entitled to qualified immunity from suit, and Raskin's claims against them should be dismissed.

## III.   Raskin fails to state a due process claim under the Texas Constitution for the same reasons she fails to state due process claims under the United States Constitution.

In addition to  her federal due process claims, Raskin claims that Dallas ISD's mask mandate likewise violates the procedural and substantive due process protections found in Article I, section 19 of the Texas Constitution. ECF No. 3, PageID 32–34. Article I, section 19, also called the "due course of law" provision provides a

cause of action for deprivation of "life, liberty, property, privileges or immunities …
except by the due course of the law of the land." TEX. CONST. art. 1, § 19. "The due
course of law provision, like the federal due process clause contains a procedural and
substantive component." *Residents Against Flooding v. Reinvestment Zone No.
Seventeen, City of Houston*, 260 F. Supp. 3d 738, 764 (S.D. Tex. 2017) (citing *Barshop
v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 632–33 (Tex.
1996)). A number of Texas courts have concluded that section 19 provides identical
guarantees to its federal due process counterpart. *Residents Against Flooding*, 260 F.
Supp. 3d at 764. As a result, "[i]t is clear that the protection afforded under the
procedural [and substantive] due process rights granted by Article I, Section 19 are
congruent with those in the Federal Constitution" and may be covered "in one
analysis." *Moore v. Port Arthur Indep. Sch. Dist.*, 751 F. Supp. 671, 673 (E.D. Tex.
1990) (citing *Price v. City of Junction, Tex.*, 711 F.2d 582, 590 (5th Cir. 1983)). Thus,
for the reasons set forth above, Raskin has likewise failed to state a claim with respect
to any purported violation of her or her children's procedural or substantive due
process rights under the Texas Constitution.

## IV. Even if Dallas ISD's mask mandate curtailed Raskin's or her children's constitutional rights, she fails to state a claim due to the ongoing pandemic, which the mask mandate is designed to address.

Aside from the fatal flaws in Raskin's claims already discussed, she "simply
ignores that when faced with a society-threatening epidemic, a state may implement
emergency measures that curtail constitutional rights so long as the measures have
at least some 'real or substantial relation' to the public health crisis and are not
'beyond all question, a plain, palpable invasion of rights secured by fundamental

law.'" *Cangelosi v. Edwards*, No. 20-1991, 2020 WL 6449111, at *5 (E.D. La. Nov. 3, 2020) (quoting *Jacobson v. Commonwealth of Mass.*, 197 U.S. 11, 31 (1905)). "The Supreme Court's *Jacobson* decision instructs that all constitutional rights may be reasonably restricted to combat a public health emergency." *Cangelosi*, 2020 WL 6449111, at *5. Thus, even if Raskin pleaded facts that raised a plausible inference that a right guaranteed under federal law might be implicated by Dallas ISD's mask mandate, she "cannot overcome the *Jacobson* hurdle, notwithstanding [her] own questioning of the efficacy of face coverings vis à vis COVID-19." *Id.*

## CONCLUSION

For the foregoing reasons, the Dallas ISD Defendants pray that the Court dismiss Plaintiff Allyson Raskin's Complaint and grant them all other further relief to which they might be entitled.

Respectfully submitted,

/s/ Kathryn Long
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953

K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8991 – Facsimile

*Attorneys for the Dallas ISD
Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon all counsel and/or parties of record via the Court's electronic case filing system on October 26, 2021.

Allyson Raskin
5533 Meletio Lane
Dallas, Texas 75230
essentiallyally@gmail.com

/s/ Adam Rothey
K. Adam Rothey