IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JD1 and JD2,** by and through their parent **ALLYSON RASKIN,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:21-CV-2429-L-BK** |
| **DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL BOARD OF TRUSTEES; MICHAEL HINOJOSA; EDWIN FLORES; BEN MACKEY; JOE CARREON; DUSTIN MARSHALL; DAN MICCICHE; KARLA GARCIA; JOYCE FOREMAN; and JUSTIN HENRY,** | § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Dallas ISD Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 26), filed October 26, 2021; and Plaintiffs' Motion for Preliminary Injunction (Doc. 30), filed November 16, 2021.

This case by pro se Plaintiff Allyson Raskin on behalf of her minor children JD1 and JD2 was referred to the magistrate judge for pretrial management (Doc. 1). After reviewing the pending motions and record in this case, the court **vacates** the referral to the magistrate judge and enters this memorandum opinion and order to address certain jurisdictional concerns raised by the parties' motions and pleadings. Having considered the parties' motions, pleadings, and applicable law, the court *sua sponte* **dismisses without prejudice** for lack of Article III standing the claims in Plaintiffs' Amended Complaint (Doc. 29) for alleged infringement of privacy and personal information in violation of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. §

2000ff, *et seq*. (Counts VIII and IX).  Having determined that Plaintiffs' only federal claims over which it has original jurisdiction should be dismissed, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and **dismisses without prejudice** those claims pursuant to 28 U.S.C. § 1367(c).  As a result of these jurisdictional rulings, the court need not address in any detail the parties' motions. The court, therefore, **directs** the clerk of the court to terminate Defendants' Motion to Dismiss (Doc. 26) and Plaintiffs' Motion for Preliminary Injunction (Doc. 30).

I.   **Factual and Procedural Background**

On October 4, 2021, pro se plaintiff Allyson Raskin ("Ms. Raskin") brought this action on behalf of her minor children JD1 and JD2 (collectively, "Plaintiffs") against the Dallas Independent School District ("DISD") and other named Defendants in their individual capacities and official capacities as members of DISD's Board of Trustees (collectively, "Defendants"). In their Complaint (Doc. 3), Plaintiffs asserted that the DISD's mask mandate violated Ms. Raskin's children's due process rights under the United States and Texas Constitutions.  The sole basis alleged for subject matter jurisdiction is federal question jurisdiction.

On October 26, 2021, Defendants moved to dismiss all claims asserted by Ms. Raskin on behalf of her minor children JD1 and JD2 for lack of standing and other reasons (Doc. 26).  On November 16, 2021, in lieu of responding to the Motion to Dismiss, Plaintiffs amended their pleadings once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(B).  On the same date, Plaintiffs filed their Motion for Preliminary Injunction (Doc. 30).

In their Amended Complaint (Doc. 29), Plaintiffs assert federal claims for alleged violations of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq*. (Counts VIII and IX).  Plaintiffs also assert state law claims for alleged violations of the Texas

Open Meetings Action and Texas Government Code § 551.001(Count V); and alleged violations of Texas Family Code §151.001 regarding the rights and duties of parents, including the duty to provide medical care and make medical decisions (Counts VI and VII).*

## II.     Discussion

Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  The court, therefore, addresses this issue first.

### A.     Article III Standing—Federal Claims (Counts VIII and IX)

In their Motion to Dismiss, Defendants contend that this lawsuit and all claims asserted by Plaintiffs in their Complaint should be dismissed for lack of standing because Ms. Raskin does not have standing to sue pro se on behalf of her children.  Defs.' Mot. 5-6 (citing *Wade v. Carrollton-Farmers Branch Indep. Sch. Dist*., No. 3-09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009)). Based on *Wade* and other cases, Defendants argue that, "[a]lthough a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. § 1654, individuals who do not have a law license may not represent other parties even on a next friend basis." Defs.' Mot. 5-6 [*Wade*, 2009 WL 2058446, at *2] (citing cases).  Defendants assert that this same reasoning applies to and bars pro se non-lawyer parents from representing their children in legal proceedings.  Defs.' Mot. 5 (citing *Wade*, 2009 WL 2058446, at *2 (citing cases). Defendants contend that, because Ms. Raskin is not a DISD student, not a DISD staff member, and she does not allege that she was affected personally by DISD's mask mandate policy, she lacks

---

* With respect to the claims alleged, Plaintiffs' Amended Complaint starts with Count V and does not include Counts I through IV.

standing to bring claims on her own behalf or on behalf of her children based on the allegation that DISD's mask mandate violated JD1's and JD2's legal rights or harmed them.

Plaintiffs amended their pleadings and repackaged their claims against Defendants in an apparent attempt to address Defendants' contention that Ms. Raskin lacks standing to sue pro se on behalf of her children; however, the two federal claims alleged in Plaintiffs' Amended Complaint continue to suffer from the same defect.

"Article III of the Constitution limits federal courts' jurisdiction to certain Cases and Controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal citations omitted). A suit brought by a plaintiff without Article III standing is not a case or controversy and deprives an Article III federal court of subject matter jurisdiction over the suit. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 337 (2016) (internal citations omitted); *see also* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

Article III standing involves three primary considerations and requires the plaintiff to show that: (1) he or she has suffered an injury that is both concrete and particularized and actual or

imminent ("injury in fact"); (2) that the injury is fairly traceable to the challenged conduct (causation); and (3) the injury is capable of being redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and explaining that standing must be satisfied as to each particular injury). All three elements are "an indispensable part of the plaintiff's case," and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan*, 504 U.S. at 561.

An injury is "concrete" if it is "real, and not abstract." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citations omitted). Certain harms readily qualify as concrete injuries under Article III, including traditional tangible harms such as physical or monetary injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). A harm, however, need not be tangible to be concrete; certain intangible harms can meet this requirement, including violations of constitutional rights, such as freedom of speech or the free exercise of religion. *TransUnion*, 141 S. Ct. at 2204; *Spokeo, Inc.*, 578 U.S. at 340. A harm is particularized if the plaintiff has personally suffered the harm. *Lujan*, 504 U.S. at 560 n.1. Thus, a plaintiff must demonstrate that the injuries alleged are "more than a generalized grievance." *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982). Finally, a harm is actual or imminent if the harm has happened or is sufficiently threatening, not merely if it may occur at some future time. *Lujan*, 504 U.S. at 564.

Plaintiffs' Amended Complaint contains two federal claims for alleged violations of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq*. (Counts VIII and IX). These claims by Plaintiffs are brought on behalf of JD1 and JD2 by their mother Ms. Raskin and are based entirely on harm that will allegedly occur to Ms. Raskin's children or harm allegedly

**Memorandum Opinion and Order-Page 5**

suffered by the children as a result of their personal genetic or medical information being disclosed or their suffering discrimination as a result of their COVID-19 vaccination status. As Defendants correctly note, the law does not allow parents like Ms. Raskin to lodge claims and sue pro se on behalf of their children. This is because individuals who do not have a law license may not represent other parties, even minor children, on a next-friend basis. *See Sprague v. Department of Family & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam) (citations omitted).

Moreover, Plaintiffs' amended pleadings do not allege that Ms. Raskin's own rights have been violated or that she personally suffered any injury sufficient to establish Article III standing to sue for alleged violations of the Genetic Information Nondiscrimination Act of 2008 as a result of DISD's COVID-19 policies. Instead, the Amended Complaint alleges only violations of JD1's and JD2's rights under this statute as a result of their being subject to DISD's COVID-19 policies as DISD students.

Accordingly, the federal claims asserted here by Ms. Raskin on behalf of her children JD1 and JD2 must be dismissed without prejudice, as there is no indication that Ms. Raskin is a licensed attorney or that she has Article III standing to brings these claims on her own behalf. *See id.* (concluding that district court did not abuse its discretion in dismissing without prejudice claims brought by parent as "next friend" on behalf of her minor child). Although Defendants' Motion to Dismiss and Article III standing argument was directed at the claims in Plaintiffs' Complaint, the court has authority to address this issue *sua sponte*. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002) ("Although Article III constitutional standing was not raised by the parties . . . we must—where necessary—raise it *sua sponte*."). In any event, Plaintiffs had an opportunity to respond to Defendants' Motion to Dismiss and their standing argument but elected, instead, to attempt to cure this jurisdictional defect, albeit unsuccessfully,

through amendment of their pleadings, which they were entitled to do under Rule 15. Plaintiffs' federal claims (Counts VIII and IX) are, therefore, **dismissed without prejudice** for lack of Article III standing.

## B. Supplemental Jurisdiction—Remaining State Law Claims (Counts V to VII)

A district court may decline to exercise supplemental jurisdiction over pendent state claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state law claim once all federal claims are dismissed. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). In determining whether to maintain jurisdiction over the remaining state claims, "courts should exercise their discretion in a way that best serves the principles of economy, convenience, fairness, and comity." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (citations omitted). The court must also consider the statutory factors set forth in 28 U.S.C. § 1367(c): "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). Normally, when all federal claims have been dismissed from an action, these factors lean in favor of dismissing without prejudice any remaining state law claims. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). This general rule, however, is not mandatory or absolute, and no single factor is dispositive. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Here, consideration of section 1367's statutory factors weighs in favor of the court declining to exercise jurisdiction over Plaintiffs' state law claims. All federal claims in Plaintiffs' Amended Complaint have been dismissed for lack of jurisdiction based on Ms. Raskin's lack of standing. The state claims involve novel issues of state law and policy related to COVID-19. The state law claims also substantially predominate over the federal claims to the extent that they deal with the alleged effect of DISD's mask mandate policy. Moreover, the federal claims have been dismissed at the infancy of the lawsuit, significant resources have not been expended by the parties or the court to warrant keeping the state law claims in federal court. Also, the court is not aware of any exceptional circumstances or other compelling reasons for it to retain jurisdiction over Plaintiffs' remaining state law claims and determines that dismissal of these claims best serves the principles of economy, convenience, fairness, and comity. The court, therefore, **declines** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and, pursuant to 28 U.S.C. § 1367(c), **dismisses without prejudice** these claims (Counts V through VII).

### III.  Conclusion

For the reasons explained, the court *sua sponte* **dismisses without prejudice** for lack of Article III standing the federal claims in Plaintiffs' Amended Complaint (Doc. 29) for alleged infringement of privacy and personal information in violation of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq*. (Counts VIII and IX). Having determined that Plaintiffs' federal claims should be dismissed, the court declines to exercise supplemental jurisdiction over their remaining state law claims (Counts V through VII) and **dismisses without prejudice** those claims pursuant to 28 U.S.C. § 1367(c). As a result of these jurisdictional rulings, the court need not address the parties' motions. The court, therefore, **directs**

Case 3:21-cv-02429-L   Document 31   Filed 11/17/21   Page 9 of 9   PageID 319

the clerk of the court to terminate Defendants' Motion to Dismiss (Doc. 26) and Plaintiffs' Motion for Preliminary Injunction (Doc. 30).

**It is so ordered** this 17th day of November, 2021.

                                              *Sam A. Lindsay*
                                              Sam A. Lindsay
                                              United States District Judge