IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JD1 and JD2,** by and through their parent **ALLYSON RASKIN,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:21-CV-2429-L** |
| **DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL BOARD OF TRUSTEES; MICHAEL HINOJOSA; EDWIN FLORES; BEN MACKEY; JOE CARREON; DUSTIN MARSHALL; DAN MICCICHE; KARLA GARCIA; JOYCE FOREMAN; and JUSTIN HENRY,** | § § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

In light of the Fifth Circuit's mandate in this case (Doc. 36), the court **directs** the parties to file briefing in accordance with this order regarding Plaintiffs' claims against all Defendants in this action for alleged violations of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq*. ("GINA") as pleaded in Counts VIII and IX of Plaintiffs' Amended Complaint (Doc. 29).

On June 2, 2023, the Fifth Circuit issued an opinion (Doc. 35) vacating this court's November 17, 2021 (Doc. 31, 32) dismissal without prejudice of the federal GINA claims brought by *pro se* Plaintiff Allyson Raskin on behalf of her children JD1 and JD2 against all Defendants in this action. The case was remanded to this court for further proceedings consistent with the Fifth Circuit's order. Doc. 35. The Fifth Circuit issued its corresponding mandate (Doc. 36) on November 7, 2023.

Order - Page 1

Because the undersigned did not have the opportunity to previously consider whether Ms. Raskin's children's claims under GINA belong to her within the meaning of 28 U.S.C. § 1654, the case was remanded for further proceedings to address this inquiry in the first instance. Doc. 35 at 3. More specifically, after recognizing that the meaning of "their own cases" in § 1654 sometimes depends on other federal and state law, the Fifth Circuit left it to this court to determine on remand whether federal or state law, including section 151.001(a)(7) of the Texas Family Code, authorizes Ms. Raskin to proceed *pro se* on behalf of her children in asserting claims under GINA. Doc. 35 at 7 n.5, 8, 10. The Fifth Circuit noted that, on remand, it would be Ms. Raskin's burden to establish that she was authorized under federal or state law to proceed *pro se* on behalf of her children in asserting claims under GINA. *Id.* at 10.

In addition, the Fifth Circuit indicated that, on remand, the undersigned:

> remain[ed] free to "note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties," *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (citation omitted). In this circuit, "fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." *Id.* A claim is frivolous when it is "so lacking in merit that it [is] groundless." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991). Since dismissal of a patently frivolous claim does not require a response from a *pro se* parent, a district court can dismiss a claim alleged by such a parent without considering whether the parent is qualified to bring the suit in the first place. Under those circumstances, dismissal of the claim should ordinarily be without prejudice.

Doc. 35 at 10 (footnote omitted). The Fifth Circuit further noted that:

> Here, Raskin brings claims on her children's behalf under the GINA. But that statute "prohibits an employer from discriminating or taking adverse actions against an employee because of genetic information with respect to the employee" or "request[ing], requir[ing], or purchas[ing] genetic information with respect to an employee or a family member of the employee." *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 826 (5th Cir. 2015) (cleaned up). It is not apparent from the face of the operative complaint how this statute has any relevance to DISD's alleged conduct or Raskin's children.

*Id.* at 10 n.9.  The Fifth Circuit "le[ft] it up to the [undersigned] to decide whether this case is best resolved by considering the implications of federal or state law vis-à-vis § 1654 or through an alternative procedural mechanism like *sua sponte* dismissal." *Id.* at 10.

For the reasons set forth in the Fifth Circuit's opinion, the court has concerns about the sufficiency of the allegations regarding Plaintiffs' GINA claims, which could be subject to dismissal for failure to state a claim upon which relief can be granted; however, because of Ms. Raskin's *pro se* status, the court will give her the opportunity to be heard on this issue. Accordingly, to assist it in resolving this and the other issue identified by the Fifth Circuit surrounding Plaintiff's GINA claims, the court **directs** Plaintiffs and Defendants to brief the following issues: (1) why Plaintiffs' GINA claims should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and (2) whether Ms. Raskin's children's claims under GINA belong to Ms. Raskin within the meaning of § 1654 because other federal or state law authorizes her to proceed *pro se* on behalf of her children in asserting the GINA claims.

Plaintiffs' brief is due by **January 25, 2024**.  Defendants' response brief is due by **February 8, 2024**.  ***No additional briefing or filings pertaining to these issues will be allowed unless ordered by the court, and the parties' briefs shall be limited to these issues.  Given the narrow scope of the Fifth Circuit's mandate, the court will not entertain any issues on remand other than those identified above and will strike and disregard any filings or portions of filings that do not comply with this directive.***  Additionally, the parties' respective briefs shall be limited to **15 pages**, exclusive of signature, table of contents, and table of authority pages, and the briefs must comply in all relevant respects with this district's Local Civil Rules.

**It is so ordered** this 4th day of January, 2024.

_____
Sam A. Lindsay
United States District Judge

Order - Page 4