IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JD1 and JD2, by and through their parent, ALLYSON RASKIN,** § § § | |
| *Plaintiffs*, § § § | CIVIL ACTION NO. 3:21-cv-02429-L-BK |
| v. § § | |
| **DALLAS INDEPENDENT SCHOOL DISTRICT; et al.,** § § § § | JURY TRIAL DEMANDED |
| *Defendants*. § § § | |

# PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

PLAINTIFFS JD1 and JD2, by and through their parent, ALLYSON RASKIN, file this their Motion for Leave to File Second Amended Complaint, and in support thereof would show the Court as follows:

## ARGUMENT AND AUTHORITIES

In Plaintiffs' *Original Complaint*, Plaintiff asserted four causes of action, labeled I through IV. As Plaintiff awaited trial, Defendants continued to harm in new ways. In an effort to prevent further harm, Plaintiffs filed a document intending to supplement the *Original Complaint* by adding causes of action V through IX. *See* ECF (Doc. 29). After calling the clerk to confirm the exact process, Plaintiffs understood the instructions were to supply a supplemental complaint with the new claims. It was at that time that Honorable Sam A. Lindsay ruled *sua sponte* on only the supplemented claims V through IX.

As Plaintiffs discovered in the ruling, claims I through IV were erroneously omitted. The four claims omitted were a clerical oversight . In the interest of justice, Plaintiffs should be allowed to clarify the record by filing a Second Amended Complaint to include all nine causes of action. First, the claims were numbered properly.

Please refer to the Judge Oldham's opinion in the 5th Circuit dissent:

An amendment supplements-rather than supersedes —the original complaint if the amendment "refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam). And as we recently explained, such "incorporation by reference" need only have the "degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation." *New Orleans Ass'n of Cemetery Tour Guides v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006)).

Every reasonable defendant would understand that Ms. Raskin amended her complaint rather than superseded it. In her amendment, Ms. Raskin explained that after filing the original complaint, she discovered "[n]ew information not available at the time of the original filing" that further "substantiates Plaintiff's case." Accordingly, she added five new counts on top of her original four. And she numbered the additional claims in the Amendment as Counts V through IX— obviously supplementing (rather than deleting and superseding Counts I through IV in the original complaint). She also omitted all the prefatory content that she included in the original complaint, including a list of the parties, the basis for jurisdiction and venue, and a statement of the facts (altogether, roughly 20 pages of material)— obviously relying on that material to survive the Amendment. And lest there be any residual doubt, Ms. Raskin titled her filing as an "Amendment to Complaint," not, for example, an "Amended Complaint." This was more than enough to "enable the responding party to easily determine the nature and extent of the incorporation." *Ass'n of Cemetery Tour Guides*, 56 F.4th at 1033 (quotation omitted). In fact, I cannot imagine how any reasonable defendant could receive Ms. Raskin's "Amendment" and understand it to do anything other than what it says—that is, it made an "Amendment" to the original complaint by adding five new claims without deleting the first four (and the accompanying allegations).

Plaintiffs did not file the supplemental complaint to obfuscate or confuse defendants. To the extent that titling the pleading as an "Amendment to Complaint" caused confusion, it was

merely a misnomer and should not serve to nonsuit Counts I through IV. By allowing Plaintiffs to file the Second Amended Complaint to clarify the record by including all intended causes of action, this Court would be serving justice without prejudicing the defendants.

As set forth in the *Plaintiff's Second Amended Complaint*, attached as Exhibit 1, the totality of all nine claims have been reorganized for legibility and efficiency. Plaintiff's seek leave to amend their Complaint with the following changes. The claims in Plaintiff's SAC streamline the following subsequent claims from the *(Original) Complaint* and the *(First) Amended Complaint*.

**Count I - 42 U.S.C. §1983 Substantive Due Process Violation as a Result of a State-Created Danger - Against All Defendants** in Plaintiff's SAC incorporates:

- "COUNT II - 42 U.S.C. §1983 - Violation of Substantive Due Process (Fourteenth Amendment) – Against All Defendants" (*OC* at 25);
- "COUNT IV - Violation of Substantive Due Process (TX Const. Art. I, § 13 and TX Const. Art. I, § 19) Against All Defendants" (*OC* at 27);
- "Count VI - Constitutional rights of plaintiff, JD1 and JD2" (*FAC* at 2).

**Count II - 42 U.S.C. §1983 Procedural Due Process Violation - Against All Defendants** incorporates:

- "COUNT I - 42 U.S.C. §1983 - Violation of Procedural Due Process (5th and 14th Amendments) Against All Defendants" (*OC* at 24);
- "COUNT III - Violation of Procedural Due Process (TX Const. Art. I, § 13 and Art. I, § 19) Against All Defendants" (*OC* at 26);
- "Count VI - Constitutional rights of plaintiff, JD1 and JD2" (*FAC* at 2);
- "Count V – Violation of Texas Open Meetings Acts" (*FAC* at 1).

**Count III - 42 U.S.C. §1983 Right to Privacy Violation - Against All Defendants** incorporates:

- "Count VIII – Infringement of privacy and person information" (*FAC* at 3).

**Count IV - 42 U.S.C. §1983 Right to Equal Protection and Reasonable Accommodations - Against All Defendants** incorporates:

"Count VIII – Infringement of privacy and person information" (*FAC* at 3).

**Damages** incorporates:

"Count VII – Financial burden and egregious harm to plaintiff and JD2" (*FAC* at 2).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court grant leave to file their Second Amended Complaint to have all claims considered, in the interest of justice.

Respectfully submitted,

Allyson Raskin
By: */s/ Allyson Raskin*
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

On January 23, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Allyson Raskin
By: */s/ Allyson Raskin*

## CERTIFICATE OF CONFERENCE

I certify that on January 21, 2024, I emailed Defendants regarding the filing of this Motion. On January 23, 2024, Katie Long (counsel for Defendants) confirmed via email that Defendants are OPPOSED.

Allyson Raskin
By: */s/ Allyson Raskin*
