IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JD1 and JD2, By and Through Their Parent, ALLYSON RASKIN, | § § § § § § | |
| *Plaintiffs*, | | |
| v. | § § § | CIVIL ACTION NO. 3:21-cv-2429-L |
| DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; MICHAEL HINOJOSA, in His Individual Capacity and in His Official Capacity as SUPERINTENDENT OF DALLAS INDEPENDENT SCHOOL DISTRICT; BEN MACKEY, President; EDWIN FLORES, 1st Vice President; MAXIE JOHNSON, 2nd Vice President; JOE CARREON, Board Secretary; DUSTIN MARSHALL; DAN MICCICHE; KARLA GARCIA; JOYCE FOREMAN; and JUSTIN HENRY, All in Their Individual Capacities and in Their Capacities as Members of the DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, | § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**THE DALLAS ISD DEFENDANTS'
OBJECTION AND RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

## SUMMARY OF THE ARGUMENT

*Pro se* plaintiff Allyson Raskin ("Raskin"), on behalf of her minor children JD1 and JD2 (collectively "Plaintiffs"), failed to comply with the Court's January 4, 2024 Order (Dkt. 37, the "Order") directing her to file a brief addressing the issues of (1) whether Plaintiffs' Amended Complaint (Dkt. 29) should not be dismissed for failure to state claims under the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.* ("GINA"), and (2) whether such GINA claims are Raskin's "own" under 28 U.S.C. § 1654. Instead—and in tacit admission that the Amended Complaint fails to state a GINA claim that is her "own"—Raskin filed a motion for leave to file a Second Amended Complaint (Dkt. 38, "Motion for Leave"). In the Motion for Leave, Raskin attempts, among other things, to reassert claims she voluntarily dismissed when she filed Plaintiffs' Amended Complaint (Dkt. 29) and recharacterize Plaintiffs' GINA claims as due process and equal protection claims under 42 U.S.C. § 1983. *See* Dkt. 38.

The Dallas ISD Defendants object to Raskin's Motion for Leave, and this Court should strike it, because it exceeds the scope of the Court's Order. Even if the Court considers the Motion for Leave, it should still deny leave to amend because the proposed amendments would prove futile for a number of reasons. The Motion for Leave does not demonstrate that the amended claims Raskin proposes to pursue on behalf of her children are her "own" as is required for her to assert them *pro se*. Additionally, the proposed Second Amended Complaint purports to reassert voluntarily dismissed claims from the Original Complaint as well as claims based on new allegations that post-date the Amended Complaint, which claims are all now

1

time-barred. Finally, even if the proposed claims were her "own" and were not now time-barred, the Dallas ISD Defendants' prior briefing on the Motion to Dismiss Plaintiffs' Original Complaint demonstrates that Plaintiffs cannot state section 1983 claims against the Dallas ISD Defendants.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that a court "should freely give leave when justice requires." *Cole v. Sandel Med. Indus., LLC.*, 413 F. App'x 683, 688 (5th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). In considering whether to grant leave to amend, however, a court may weigh multiple factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *see also United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (denial of leave to amend may be appropriate when amendment would be futile); *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (a proposed amendment is futile if "the amendment would fail to state a claim upon which relief can be granted."). A trial court does not abuse its discretion by denying leave—even before a pleading deadline—when these grounds are present. *Wimm*, 3 F.3d at 141.

## ARGUMENT

**I.  This Court should strike and disregard Plaintiffs' Motion for Leave because it exceeds the scope of this Court's Order seeking only briefing on whether Raskin's children's GINA claims state a claim or are her "own."**

On appeal, the Fifth Circuit held that while "§ 1654 does not absolutely bar parents from proceeding *pro se* on behalf of their children," it is "Raskin's burden to establish that under § 1654, federal or state law authorizes her to proceed *pro se* on

2

behalf of her children." Dkt. 35, p. 10. On remand, and consistent with the Fifth Circuit's mandate, this Court ordered Raskin to brief whether her children's GINA claims are her "own" within the meaning of § 1654. Dkt. 37. Raskin, however, elected not to file such a brief, and instead filed her Motion for Leave.

This Court's Order, however, expressly stated that "*[n]o additional briefing or filings pertaining to these issues will be allowed unless ordered by the court, and the parties' briefs shall be limited to these issues.*" *Id.* p. 3 (emphasis in original). The Court's order also clearly stated that "*[g]iven the narrow scope of the Fifth Circuit's mandate, the court will not entertain any issues on remand other than those identified above and will strike and disregard any filings or portions of filings that do not comply with this directive.*" *Id.*

By failing to file a brief addressing the issues of (1) whether Plaintiffs' GINA claims should not be dismissed for failure to state a claim, and (2) whether Raskin's children's GINA claims are her "own" under § 1654, it can only be viewed that Raskin waived any argument that Plaintiffs state a GINA claim or that those claims are Raskin's "own." By instead filing the Motion for Leave, Raskin disregarded this Court's Order and its warning that it would strike and disregard any filings that do not comply with its directive. The Dallas ISD Defendants object to the Motion for Leave because it violates the Court's Order. This Court should strike and disregard it for the same reason.

3

**II.   Even if the Court considers the Motion for Leave, it should be denied as futile because it does not show that the claims in the proposed Second Amended Complaint are Raskin's "own."**

The Fifth Circuit's decision in this case allows Raskin to pursue claims on behalf of her children *pro se* only "if federal or state law designate[s] Raskin's children's cases as belonging to her," within the meaning of § 1654. Dkt. 35, p. 3. Raskin did not brief this question as to her children's GINA claims, and the Motion for Leave also fails to show "that under § 1654, federal or state law authorizes her to proceed *pro se* on behalf of her children" as to the claims in the proposed Second Amended Complaint.[1] Without demonstrating that the claims she proposes to pursue in the Second Amended Complaint are her "own," Raskin cannot pursue the proposed amended claims on her children's behalf *pro se*. As a result, the Motion for Leave should be denied as futile.

**III.  Even if the claims in the proposed Second Amended Complaint were Raskin's "own," leave to amend is futile because those claims are now time-barred.**

   **A.  Counts I and II in the proposed Second Amended Complaint are merely a reassertion of Plaintiffs' section 1983 claims that were voluntarily dismissed more than two years ago.**

In their Original Complaint, Plaintiffs asserted four claims: section 1983 claims for alleged violations of her children's right to procedural and substantive due process under the Fifth and Fourteenth Amendments (Counts I and II); and procedural and substantive due process claims under the Texas Constitution (Counts III and IV). Dkt. 3. The Dallas ISD Defendants moved to dismiss these claims. Dkt.

---

[1]   The proposed Second Amended Complaint is signed by Raskin "on behalf of her minor children, JD1 and JD2." As a result, it appears that Raskin intends to prosecute her children's case *pro se*.

4

26. Plaintiffs filed an Amended Complaint in response to the Dallas ISD Defendants' Motion to Dismiss that only included "Count[s] V [through IX] and d[id] not include Counts I through IV" from the Original Complaint. Dkt. 31, p. 3 n.*. This Court's order dismissing Plaintiffs' Amended Complaint construed the Amended Complaint as superseding the Original Complaint and dismissing Counts I through IV. *See id.* Consistent with this finding, this Court's dismissal order only substantively addressed Plaintiffs' GINA claims in the Amended Complaint (Counts VIII and IX). *Id.* pp. 8–9.

Rather than seek reconsideration or leave to attempt to reassert Plaintiffs' voluntarily dismissed section 1983 claims, Raskin instead chose to appeal this Court's dismissal of Plaintiffs' GINA claims. On appeal, the Fifth Circuit agreed with this Court's determination that the Amended Complaint superseded the Original Complaint. The Fifth Circuit acknowledged that while Plaintiffs Original Complaint "asserted claims under 42 U.S.C. § 1983," the Amended Complaint "did not raise any § 1983 claims … ." Dkt. 35, p. 2 n.1. It further held that Plaintiffs' Amended Complaint superseded the Original Complaint and "rendered [it] of no [legal] effect" because the Amended Complaint did not "'specifically refer[ ] to and adopt[ ] or incorporate[ ] [the Original Complaint] by reference … .'" *Id.* (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). As a result, the Fifth Circuit's decision only vacated this Court's dismissal of the GINA claims (Counts VIII and IX) in the Amended Complaint and did not reinstate Plaintiffs' section 1983 claims from their Original Complaint. Dkt. 35, p. 10. The Fifth Circuit's decision that Plaintiffs voluntarily dismissed their section 1983 claims in their Original Complaint is now the law of the

5

case and may not be reexamined. *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) ("Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.").

Plaintiffs' Amended Complaint, which omitted their original section 1983 claims, rendered those claims "of no legal effect." Dkt. 35, p. 2 n.1. Such a voluntary dismissal has the effect of putting "the plaintiff in the same legal position in which [s]he would have been had [s]he never brought the first suit." *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985). And "[a] federal statute of limitations is *not* tolled when the plaintiff files a claim that is later voluntarily dismissed." *Basco v. Am. Gen. Ins. Co.*, 43 F.3d 964, 965–66 (5th Cir. 1994) (emphasis in original); *see also Guerrero v. Potter*, 213 F. App'x 289, 290 (5th Cir. 2007) (voluntary dismissal of section 1983 claims did not toll limitations period). Consequently, limitations has continued to run on Plaintiffs' voluntarily dismissed section 1983 claims since the filing of the Amended Complaint in November 2021. Dkt. 29.

The Fifth Circuit has held that Texas's two-year statute of limitations applies to section 1983 claims. *Hearn v. McCraw*, 856 F. App'x 493, 495–96 (5th Cir. 2021). Because more than two years has now passed since Plaintiffs voluntarily dismissed their section 1983 claims, those claims are now, without a doubt, barred by the applicable two-year statute of limitations. Additionally, the Motion for Leave makes clear that the purpose of Counts I and II of the proposed Second Amended Complaint is to "incorporate[]" the voluntarily dismissed section 1983 claims from the Original Complaint. Dkt. 38, p. 3. Since Counts I and II of the proposed Second Amended

6

Complaint are in reality an attempt to reassert the same section 1983 claims Plaintiffs voluntarily dismissed, they are now barred by the applicable two-year statute of limitations. As a result, granting leave to amend to reassert those previously-dismissed claims would be futile.

> **B.** **Counts III and IV in the proposed Second Amended Complaint are also time-barred because they are premised on new alleged claims that do not relate back to the Amended Complaint.**

Plaintiffs filed their Amended Complaint in November 2021 alleging injuries to JD1 and JD2 related to Dallas ISD's mask mandate as well as generic GINA violations not specific to JD1 or JD2. *See* Dkt. 29. Counts III and IV in the proposed Second Amended Complaint, however, allege specific injuries sustained by JD1 in December 2021—a month *after* the Amended Complaint was filed—related to alleged "contact-tracing" and quarantining practices.[2] *See* Dkt. 38-1, pp. 7–8, 10–11.

But proposed Counts III and IV are also subject to the two-year statute of limitations for section 1983 claims. *Hearn*, 856 F. App'x at 495–96. And any claims related to alleged injuries to JD1 due to "contact-tracing" or quarantining accrued when Raskin became aware that JD1 had been injured or had sufficient information to know as much. *Id.* Raskin was no doubt aware of any alleged injuries to JD1 arising from alleged "contact-tracing" and quarantining practices in December 2021 when,

---

[2] Counts III and IV in the proposed Second Amended Complaint also attempt to recharacterize or "streamline" Plaintiffs' previously-dismissed GINA claims as alleged privacy rights violations and genetic discrimination as to JD1 under section 1983. Dkt. 38, pp. 3–4; 31, pp. 6–7. Because Raskin effectively conceded her children cannot state a GINA claim and that any such claim is not her "own" by failing to comply with this Court's Order, the Dallas ISD Defendants contend that Raskin has waived any argument that proposed Counts III and IV state a claim or are her "own" to the extent they seek to restate those GINA claims as section 1983 claims.

7

"[d]uring the [December 2021] isolation period, [she] removed JD1 from DISD and enrolled JD1 into the same private school as JD2." Dkt. 38-1, ¶ 49.

Raskin, however, did not file suit related to those wholly new alleged injuries within the required two-year limitations period. And the Amended Complaint did not—and could not—put the Dallas ISD Defendants on notice of alleged facts and injuries related to "contact-tracing" or quarantining specifically *as to* JD1, when the alleged facts did not occur until *after* the Amended Complaint was filed. *See Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994) (holding that if the new claims in an amended complaint are "so substantial that it cannot be said that the defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back"). As a result, these proposed claims about alleged conduct occurring after Plaintiffs filed their Amended Complaint cannot relate back to the filing date of the Amended Complaint. *See id.* at 1385–86 ("If a plaintiff attempts to interject entirely different conduct or different transactions or occurrences into a case, then relation back is not allowed."). Therefore, proposed Counts III and IV, which concern alleged conduct occurring more than two years ago, are time-barred and any attempt to pursue them via the proposed Second Amended Complaint would be futile. *See id.* at 1385 (an amendment is futile "when leave is sought to add a claim upon which the statute of limitations has run").

### IV. Even if the proposed claims were her "own" and not time-barred, leave to amend should be denied because the proposed Second Amended Complaint fails to state a claim.

Plaintiffs' proposed Second Amended Complaint would assert four Fourteenth Amendment violations under section 1983: a substantive due process violation under the state-created danger doctrine (Count I); a procedural due process violation (Count II); a right to privacy violation (Count III); and an equal protection from genetic discrimination violation (Count IV). Dkt. 38-1, pp. 8–11. As set forth in the Dallas ISD Defendants' Motion to Dismiss Plaintiffs' Complaint (Dkt. 26), however, Plaintiffs do not state cognizable section 1983 claims on the facts alleged.[3] To the extent the proposed Second Amended Complaint merely attempts to reassert or revive voluntarily dismissed section 1983 claims from the Original Complaint, the claims would fail for the same reasons.

In particular, Plaintiffs' proposed Counts I and II again purport to assert substantive and procedural due process claims under section 1983 based on the alleged impact of the Dallas ISD Defendants' mask mandate on JD1 and JD2. Dkt. 38-1, pp. 8–9. But since there is no fundamental constitutional right not to wear a mask, proposed Counts I and II likewise fail to state viable section 1983 claims and the proposed amendment would prove futile. *See* Dkt. 26, pp. 8–16; *see also Thomas v. Creuzot*, No. 3:21-cv-02749-L (BT), 2022 WL 19001972, at *6 (N.D. Tex. Dec. 29, 2022) (acknowledging the lack of authority for the proposition that there is a fundamental constitutional right to not wear a mask during a global pandemic), *rec.*

---

[3] The Dallas ISD Defendants incorporate the arguments and authorities in their Motion to Dismiss Plaintiffs' Complaint by reference as if fully set forth herein. *See generally* Dkt. 26.

9

*adopted* 2023 WL 1433910 (N.D. Tex. Jan. 31, 2023). Also, proposed Count I purports to assert a substantive due process claim under the state-created danger doctrine, but that doctrine has never been recognized in the Fifth Circuit and is inapposite to Plaintiffs' claims because she does not allege any injury caused by a non-state actor.[4] Moreover, as to proposed Counts III and IV, since Raskin concedes Plaintiffs cannot state a GINA claim, it follows that she cannot state section 1983 claims for purported violations of GINA's protections against discrimination based on genetic information in the employment context. *See Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) ("Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983."). As a result, amendment would again prove futile even if the proposed claims were Raskin's "own" and not time-barred.

## CONCLUSION

For the foregoing reasons, the Dallas ISD Defendants pray that the Court strike and disregard Plaintiffs' Motion for Leave, or otherwise deny it as futile.

---

[4] The state-created danger doctrine addresses whether a state actor has a duty to protect an individual from injuries caused by a non-state actor. *See Yarbrough v. Santa Fe Indep. School Dist.*, No. 21-40519, 2022 WL 885093, at *1 (5th Cir. Mar. 25, 2022). The Fifth Circuit has "repeatedly declined to recognize the state-created danger doctrine in this circuit." *Id.* (citing *Joiner v. United States*, 955 F.3d 399, 407 (5th Cir. 2020); *Cook v. Hopkins*, 795 F. App'x 906, 914 (5th Cir. 2019); *Estate of C.A. v. Castro*, 547 F. App'x 621, 627–28 (5th Cir. 2013); *Covington*, 675 F.3d at 866; *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004)).

Respectfully submitted,

*/s/ Adam Rothey*
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8991 – Facsimile

*Attorneys for the Dallas ISD Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon all counsel and/or parties of record via the Court's electronic case filing system on February 13, 2024.

Allyson Raskin
5533 Meletio Lane
Dallas, Texas 75230
essentiallyally@gmail.com

*/s/ Adam Rothey*
K. Adam Rothey

11