IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JD1 and JD2, by and through their parent, ALLYSON RASKIN, § § § § | |
| *Plaintiffs*, § § | CIVIL ACTION NO. 3:21-cv-02429-L-BK |
| § | |
| v. § | |
| § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT; et al., § § § § § § | |
| *Defendants*. § § | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I. Defendants' Objections Rely on Conclusory Assertion of Voluntary Dismissal**

Defendants assert that Mrs. Raskin's intent to supplement her original claims equates to voluntary dismissal, reasoning that her appeal constituted only an appeal of her GINA claims and voluntary dismissal of the remainder. Doc. 40 at 4-5. This assertion is circular and lacks factual support. For Mrs. Raskin to have voluntarily dismissed her claims, she would have needed to knowingly waive her right to pursue them further, which is not evident from the record, as already described in detail in the original motion.

The notion that the Fifth Circuit characterized Plaintiffs' § 1983 claims as voluntarily dismissed is not supported by the ruling. Defendants rely on the phrase "of no legal effect" to argue that Mrs. Raskin is precluded from seeking any relief in the District Court related to the

original complaint. Doc. 40 at 6. Contrary to this interpretation, the Fifth Circuit expressly abstained from ruling on the §1983 claims and did not suggest Mrs. Raskin intentionally nonsuited any such claims. Defendants presumably ask the Court to interpret the events as a voluntary dismissal, yet objections to this motion heavily rely on assuming such dismissal to support their arguments.

Mrs. Raskin reasonably relied on the outcome of her appeal in pursuing Plaintiffs' § 1983 actions. Defendants suggest that because Mrs. Raskin did not specifically "seek reconsideration or leave to attempt to reassert" her claims at the time of the *sua sponte* dismissal, the Court lacks jurisdiction to consider this motion. Doc. 40 at 5. However, this Court possesses broad discretion in granting leave to amend. *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996) ("may consider undue delay, bad faith, dilatory motive, prejudice to the other party, and the futility of the proposed amendments"). The assertion that the Fifth Circuit's ruling curtailed this discretion is unsubstantiated. Furthermore, this court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)).

II. **Counts III and IV in the proposed Second Amended Complaint are not time-barred because they are premised on previous claims in the Amended Complaint.**

Defendants posit that Mrs. Raskin is precluded from asserting contract tracing claims due to the emergence of contact-tracing allegations subsequent to the case being under appeal. Nonetheless, the crux of the contact-tracing claim remains unaltered. In November 2021, the initial amended complaint delineated "*Count VI - Constitutional rights of plaintiff, JD1 and JD2 are continued to be violated due to contact tracing.*" Doc. 29. The proposed second amended complaint introduces "*Count III - 42 U.S.C. §1983 Right to Privacy Violation,*" merely

augmenting factual allegations subsequent to the original filing in 2021—circumstances beyond Mrs. Raskin's purview during the appellate phase.

These supplementary assertions neither establish nor dismantle the claim's foundation. Defendants were "given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim" upon the initial amended complaint's submission. Additionally, any fresh claims stemming from the same factual underpinning should extend to the newly amended complaint. Given that the privacy claim is articulated in the 2021 complaint, statute of limitations ought not to be a determinant factor.

Defendants' objections inadequately demonstrate Mrs. Raskin's voluntary dismissal of her claims and do not eliminate jurisdiction without procedural "gotchas." For these reasons, Plaintiffs respectfully request the Court grant them leave to file their Second Amended Complaint.

Respectfully Submitted,

/s/ Allyson Raskin

Allyson Raskin
5533 Meletio Lane
Dallas, Texas 75230
essentiallyally@gmail.com
Individually and on behalf of her minor children, JD1 and JD2

### CERTIFICATE OF SERVICE

On March 17, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Allyson Raskin
Allyson Raskin